Nancy Anne SPANGLER, by her father and next friend, James E. Spangler, Jr., et al., Plaintiffs-Appellees,

and

United States of America, Plaintiff-Intervenor-Appellee,

v.

PASADENA CITY BOARD OF EDUCATION et al., Defendants-Appellants.

No. 74-2116.

United States Court of Appeals, Ninth Circuit.

Jan. 24, 1977.

Rehearing and Rehearing En Banc Denied April 27, 1977.

Lee G. Paul (argued), of Paul, Hastings, Janofsky & Walker, Los Angeles, Cal., for defendants-appellants.

Brian K. Landsberg (argued), Dept. of Justice, Washington, D. C., Fred OKrand (argued), ACLU Foundation, Los Angeles, Cal., for plaintiffs-appellees.

Before CHAMBERS, ELY and WALLACE, Circuit Judges.

The court concludes that all determinations as to modifications required under *Pasadena City Board of Education v. Spangler,* 427 U.S. 424, 96 S.Ct. 2697, 49 L.Ed.2d 599 (1976) of the district court's decrees of 1970 and 1974, should initially be made by the district court. In doing so, it will conclude that some superseding judgment or decree is needed to be entered and to be preceded by current findings of fact.

It seems clear that a bald unqualified order that there shall *never* be any "majority of any minority" in any Pasadena attendance zone cannot stand.

The resolution of such questions as are mentioned in Part III of the majority opinion by the Supreme Court will necessarily depend on the existing record as it will be supplemented by a subsequent hearing or hearings.

Further than as above indicated, we do not go.